IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| Jerome Jackson, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| -vs- | ) No. |
| | ) |
| Chicago Police Lieutenant Jarone, | ) *(jury demand)* |
| Chicago Police Officers Arthur | ) |
| Gorman, Nicholas Pronek, Salome | ) |
| Exclusa, and Kari Pfeifer, | ) |
| | ) |
| *Defendants.* | ) |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343.

2. Plaintiff Jerome Jackson is a resident of the Northern District of Illinois.

3. Defendants Chicago Police Lieutenant Jarone and Chicago Police Officers Arthur Gorman, Nicholas Pronek, Salome Exclusa, and Kari Pfeifer were, at all times relevant, acting under color of their offices as Chicago police officers.

4. On February 14, 2015, shortly after 2:00 a.m., defendant Jarone arrested plaintiff near West 43rd Street and South Wells Street in the City of Chicago.

5. At the time he arrested plaintiff, defendant Jarone had not seen plaintiff commit an offense and was not aware of any fact that could have caused a reasonable person to believe that plaintiff had committed an offense.

6. Defendants Gorman and Pronek arrived on the scene after Jarone had arrested plaintiff.

7. One or more of defendant Gorman and Pronek searched plaintiff and determined that he was not in possession of a firearm or other contraband.

8. Thereafter, defendants Exclusa and Pfeifer arrived on the scene.

9. Defendants Exclusa and Pfeifer transported plaintiff, who was handcuffed behind his back, to the police station.

10. Defendants Exclusa and Pfeifer transported plaintiff in the rear compartment of their police vehicle to the police station.

11.     After removing plaintiff from the vehicle and delivering him to police personnel, one or more of defendants Exclusa and Pfeifer observed a firearm in the rear compartment of their vehicle.

12.     At all times relevant, neither Exclusa nor Pfeifer saw plaintiff do anything that could have caused a reasonable person to believe that plaintiff, who had been handcuffed behind his back, had placed a firearm in the passenger compartment of their police vehicle.

13.     Defendants Exclusa and Pfeifer knew that they had failed to find the firearm when they had inspected their vehicle at the beginning of their shift and knew that each would be disciplined if she admitted her error.

14.     In order to cover up their failure to find the firearm at the start of their shift, defendants Exclusa and Pfeifer conspired, confederated, and agreed with defendants Gorman and Pronek to frame plaintiff with the possession of the firearm.

15.     In furtherance of this conspiracy, defendants Exclusa, Pfeifer, Gorman, and Pronek concocted the false story that Gorman and Pronek had not thoroughly searched plaintiff before handing him off to Exclusa and Pfeifer and that plaintiff had removed the firearm from his shoe while handcuffed in the police vehicle.

16. Defendants Gorman and Pronek memorialized this false story in official Chicago police reports.

17. As a result of the conspiracy to concoct a false story and fabricate evidence, was arrested, detained, and prosecuted for possession of the firearm.

18. As a further result of the conspiracy to concoct a false story and fabricate evidence, plaintiff was held at the Cook County Jail until October 31, 2016 when he was exonerated at trial.

19. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourth and Fourteenth Amendments.

20. Plaintiff hereby demands trial by jury.

Accordingly, plaintiff requests that appropriate compensatory and punitive damages be awarded against the defendants and that the Court grant appropriate fees and costs.

/s/ Kenneth N. Flaxman
KENNETH N. FLAXMAN
ARDC No. 830399
Joel A. Flaxman
200 S Michigan Ave Ste 201
Chicago, IL 60604-2430
(312) 427-3200
*Attorneys for Plaintiff*